UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THE BANK OF NEW YORK MELLON,

Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC,

Defendant(s).

Case No. 2:17-CV-479 JCM (NJK)

ORDER

Presently before the court is defendant SFR Investments Pool 1, LLC's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party. (ECF No. 15). Plaintiff The Bank of New York Mellon (BNYM) responded. (ECF No. 16; *see also* ECF No. 17). SFR replied. (ECF No. 18).

BNYM complaint alleges that an HOA foreclosure sale did not extinguish its deed of trust on the property. (ECF No. 1). BNYM did not name the HOA—the party who collected the proceeds from the HOA sale—as a defendant to this action. *Id.*

Under Federal Rule of Civil Procedure 12(b)(7), failure to join an indispensable party under Federal Rule of Civil Procedure 19 is grounds to dismiss the action. Federal Rule of Civil Procedure 19(a)(1) states the following:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19; *see also U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015).

**James C. Mahan**
**U.S. District Judge**

SFR argues that the HOA must be part of this litigation because BNYM is seeking a ruling that the HOA sale itself is invalid. (ECF Nos. 15, 18). The complaint seeks to set aside the HOA foreclosure sale; it alleges that the sale was commercially unreasonable and seeks quiet title in its favor as a result. (*See* ECF No. 1 at 4 ¶ 31; 5 ¶¶ 32–38; 6 ¶ 44). NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001. Numerous courts have interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[1]

In *Shadow Wood HOA v. N.Y. Cmty. Bancorp*, the Nevada Supreme Court held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is a "grossly inadequate" sales price and "fraud, unfairness, or oppression." 366 P.3d 1105, 1110 (Nev. 2016). In other words, "demonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id.* at 1112.

Here, the HOA is a necessary party to this action based on the current allegations and relief sought. The HOA has a present interest in this action because BNYM challenges the validity of the foreclosure sale or seeks to equitably set aside the sale. *See, e.g., U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15–cv–00302–JAD–VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). If the foreclosure sale is invalidated or set aside, the HOA's superpriority lien might be

---

[1] *See, e.g., Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev. Adv. Op. 75, 334 P.3d 408, 418 n.6 (2014), holding modified by *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017) (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

| | |
|---|---|
| 1 | reinstated as an encumbrance against the property, and the HOA could be liable to return the |
| 2 | proceeds of the sale to the buyer. |

"The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. In particular, if BNYM "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id.* Thus, if the HOA is not a party, the HOA would not be able to protect its interests in the subject matter of this litigation, the court's ruling may leave BNYM or SFR subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the HOA's interest, and SFR (and BNYM) would not be able to secure the complete relief sought. *See Deutsche Bank Nat'l Tr. Co. for Ameriquest Mortg. Sec. Inc. v. SFR Investments Pool 1 LLC*, No. 216CV01827JCMPAL, 2017 WL 776113, at *2 (D. Nev. Feb. 28, 2017) (addressing this issue in a similar case). The motion will be granted.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is DISMISSED without prejudice.

DATED November 8, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**