UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | Case No. 2:17-CV-479 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of New York Mellon's ("BNYM") motion to alter or amend judgment. (ECF No. 27). Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 28), to which BNYM replied (ECF No. 29).

**I.  Facts & Background**

BNYM's complaint alleged that the HOA foreclosure sale did not extinguish its deed of trust on the property. (ECF No. 1). However, BNYM failed to name Shadow Crossing Homeowners' Association (the "HOA") as a defendant to the action. *Id.* On May 22, 2017, SFR filed a motion to dismiss BNYM's complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join the HOA, a necessary party, pursuant to Federal Rule of Civil Procedure 19(a)(1). (ECF No. 15). On November 8, 2017, the court granted SFR's motion and dismissed BNYM's complaint without prejudice. (ECF No. 25). On November 9, 2017, the clerk of the court entered judgment in favor of SFR. (ECF No. 26).

In the instant motion, BNYM moves the court to alter or amend the entry of judgment in favor of SFR resulting from the court's dismissal of BNYM's complaint. (ECF No. 27).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (*en banc*) (*per curiam*). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors or law or fact; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment of the judgment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (*citing McDowell*, 197 F.3d at 1255 n. 1).

## III. Discussion

BNYM requests that the court either (1) reconsider its order granting SFR's motion to dismiss and amend the subsequent judgment, or (2) grant BNYM leave to amend its complaint to join the HOA as a party. (ECF No. 27). BNYM contends that such action by the court is necessary so as "to avoid manifest injustice." *Id.*

BNYM does not challenge the court's finding that the HOA is a necessary party to the litigation. (ECF No. 27). Instead, BYNM argues that dismissal of the complaint was improper on such a basis. *Id.* BNYM argues that the court's determination that the HOA is a necessary party obligates the court to order the HOA be joined as a defendant to this action pursuant to Rule 19(a), and not to dismiss the complaint. *Id.*

BNYM further contends that the order and judgment dismissing its complaint "will cause BNYM undue prejudice because BNYM will be effectively estopped from pursuing any adequate remedy on its claims." (ECF No. 27). While BNYM filed its complaint in advance of the five-year statute of limitations governing quiet title actions, BNYM argues that "because the [order

James C. Mahan
U.S. District Judge

granting SFR's motion to dismiss without prejudice] was issued *after* the statute of limitations ran, it effectively [] rendered a dismissal with prejudice." *Id.*

As an initial matter, the court will not reconsider its order dismissing BNYM's complaint as it relates to BNYM's claim for declaratory relief. "[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . ."). BNYM requests a remedy of declaratory relief, and as this is not a substantive cause of action, the court will not reconsider its order granting SFR's motion to dismiss as to this claim. *See Wells Fargo*, 2017 WL 1902158, at *4.

While BNYM seeks to place blame on the court for dismissing its complaint just beyond the expiration of the statute of limitations period, BNYM's current predicament is fundamentally due to its own failure to initially name the HOA as a defendant in this action. Further, BNYM had five (5) months between the filing of SFR's motion to dismiss and the expiration of the statute of limitations in which to request leave from the court to amend its complaint to add the HOA as a defendant. Despite BNYM's knowledge that dismissal based on Rule 19 grounds was possible, BNYM failed to file such a motion.

Nonetheless, the court recognizes that joinder, and not dismissal, was appropriate in this case. Pursuant to Rule 19(a), once determining the necessary status of an absent party, the next step "is for the court to determine whether it is feasible to order that the absentee be joined." *Thunder Properties, Inc. v. Wood*, no. 3:14-cv-00068-RCJ-WGC, 2015 WL 1926768, at *2 (D. Nev. April 28, 2015) (citing *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)). Joinder is not feasible "when venue is improper, when the absentee is not subject to

personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Peabody Western Coal Co.*, 400 F.3d at 779; *see also* Fed. R. Civ. P. 19(a).

Here, joinder is feasible. The HOA is a Nevada corporation with its principal place of business in Las Vegas. (ECF No. 27). Accordingly, as the HOA is "at home" in Nevada, the forum state, it is subject to the court's personal jurisdiction. *See Poor Boy Productions v. Fogerty*, no. 3:14-cv-00633-RCJ-VPC, 2015 WL 5057221, at *3 (D. Nev. Aug. 26, 2015) (citing *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980)). For the same reason, joinder of the HOA as a defendant would not render venue improper, as the HOA is a Nevada resident for venue purposes. *See* 28 U.S.C. § 1391.

Lastly, joinder of the HOA will not upset subject matter jurisdiction. As BNYM alleges claims under the United States Constitution, the court has federal question jurisdiction over the matter. *See* (ECF No. 1). Further, joinder of the HOA would not defeat diversity jurisdiction, as the HOA is a citizen of a different state than BNYM, and the amount in controversy exceeds $75,000. (ECF No. 27). Accordingly, the court will grant BNYM's motion to amend or correct judgment as it relates to BNYM's claim for quiet title. (ECF No. 27).

## IV. Conclusion

As the court will grant BNYM's motion to alter or amend judgment (ECF No. 27), the court will thus deny in part and grant in part SFR's motion to dismiss (ECF No. 15), vacate the court's order granting SFR's motion to dismiss (ECF No. 25), and vacate the clerk's judgment in favor of SFR (ECF No. 26). The court will dismiss only BNYM's declaratory relief claim. As joinder is feasible pursuant to Rule 19, the court will order the HOA be joined as a defendant to the instant action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BNYM's motion to alter or amend judgment (ECF No. 27) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA be joined as a defendant to the instant action. Plaintiff is instructed to serve the HOA in accordance with the Federal Rules of Civil Procedure.

**James C. Mahan**
**U.S. District Judge**

- 4 -

The clerk is instructed to reopen the case.

DATED July 24, 2018.

_____
UNITED STATES DISTRICT JUDGE