UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant(s). | Case No. 2:17-CV-479 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to dismiss. (ECF No. 33). Plaintiff Bank of New York Mellon ("BNYM") filed a response (ECF No. 34), to which SFR replied (ECF No. 35).

Also before the court is defendant Shadow Crossings Homeowner's Association's ("Shadow Crossings") motion to dismiss. (ECF No. 37). BNYM and SFR filed separate responses (ECF Nos. 39, 40), to which Shadow Crossings filed separate replies (ECF Nos. 41, 42).

**I.     Facts**

This action arises from a dispute over real property located at 6549 Raven Hall Street, North Las Vegas, Nevada 89084 ("the property"). (ECF Nos. 1, 31).

On or about December 12, 2006, Daniel and Toni O'Neill (the "O'Neills") purchased the property. (ECF No. 31). The O'Neills financed the purchased with a loan in the amount of $216,000.00 from Fieldstone Mortgage Company ("Fieldstone"). *Id*. Fieldstone secured the loan with a deed of trust, which it recorded with the Clark County recorder's office on December 19, 2006. *Id.* On June 9, 2011, BNYM acquired all beneficial interest in the deed of trust via an assignment, which BNYM recorded with the Clark County recorder's office. *Id*.

On May 6, 2010, Shadow Crossings, through its agent, recorded a notice of delinquent assessment lien ("the lien") against the property for the O'Neills' failure to pay Shadow Crossings in the amount of $1,175.00. *Id.* On June 29, 2010, Shadow Crossings recorded a notice of default and election to sell pursuant to the lien. *Id.*

On August 23, 2012, Shadow Crossings recorded a notice of foreclosure sale against the property. *Id.* On October 19, 2012, Shadow Crossings sold the property in a nonjudicial foreclosure sale to SFR in exchange for $8,600.00. *Id.* and on October 25, 2012, recorded the deed of foreclosure. *Id.*

On February 15, 2017, BNYM initiated this action. (ECF No. 1). In its amended complaint, BNYM asserts two quiet title claims. (ECF No. 31). Now, SFR and Shadow Crossings move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 33, 37).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

James C. Mahan
U.S. District Judge

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

SFR and Shadow Crossings both argue that the statute of limitations bars BNYM's quiet title claims. (ECF Nos. 33, 37). Shadow Crossings also argues that it is improperly joined as a party in this litigation. (ECF No. 77). The court disagrees with both contentions.

*a. Statute of limitations*

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

NRS 11.070 sets forth a five-year limitations period for quiet title claims. Nev. Rev. Stat. 11.070. Shadow Crossings recorded the foreclosure sale with the Clark County recorder's office on October 25, 2012. *See* (ECF No. 31). BNYM brought this lawsuit within five years, on February 15, 2017. (ECF No. 1). Accordingly, the statute of limitations does not bar BNYM's quiet title claims.

b. *Necessary joinder*

Shadow Crossings argues that the court should dismiss BNYM's quiet title claims because Shadow Crossings does not claim any interest in the property. (ECF No. 37). BNYM argues that Shadow Crossings is properly joined because it conducted the foreclosure sale and may be liable to other defendants for unjust enrichment. (ECF No. 39).

Under Rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has reasoned that parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief"). Therefore, because Shadow Crossings is a necessary party in this litigation, the court will not dismiss Shadow Crossings from this action.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to dismiss (ECF No. 33) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Shadow Crossings' motion to dismiss (ECF No. 37) be, and the same hereby is, DENIED.

DATED March 20, 2019.

_____
UNITED STATES DISTRICT JUDGE